Longley v. Little.

THOMAS LONGLEY & al. versus EDWARD LITTLE.

By the provisions of the Statute, 1836, c. 200, § 3, the stockholders of corporations were made individually liable to the extent of their stock, upon failure to obtain satisfaction from the corporate property, for all debts against the corporation existing at the time of the judgments, although the debts were contracted before the persons called upon became stockholders.

The Statute, 1836, c. 200, was repealed when the Revised Statutes went into operation; and the statute then in force on the same subject (Rev. St. c. 76, § 18) makes a stockholder liable in the same manner only for "debts of the corporation contracted during his ownership of such stock."

The cause of action against individual corporators under the St. 1836, c. 200, did not accrue until a failure to obtain the amount of the judgment against the corporation from the corporate property by a due course of proceedings for that purpose. And where the cause of action was not established by such proceedings before the Revised Statutes went into effect, it was not saved by the exceptions in the repealing act; and could be enforced only according to the provisions of Rev. St. c. 76.

THE case came before the Court upon the following report of the trial before WHITMAN C. J.

This was an action on the case brought by the plaintiff against the defendant as one of the stockholders of the Longley Stage line Company, to recover of him in his individual capacity the amount of the judgment in favor of the plaintiffs against the Longley Stage line Company.

The act of incorporation of said company, judgment, execution, and several returns and proceedings, alleged in the plaintiffs' writ were admitted as facts in the case, and may be referred to, but need not be copied. The foundation of

the judgment recovered consisted of two items as follows: —
Five hundred dollars paid to the Granite Bank, May 29, A.
D. 1838, and two horses purchased in April, 1838. The act of
incorporation of the Longley Stage line Company bears date
February 28, A. D. 1838. The company organized under
their charter, March 29, 1838. The defendant first became
a stockholder June 25, 1838, by the purchase of one share,
and subsequently during the same year to the amount of forty
shares, which he still holds. About June 25, 1838, or soon
after, the plaintiffs ceased to be members of said company.
Upon these facts the Court are authorized to direct a nonsuit
or default to be entered, as they shall adjudge the law to be.

*Wells* and *S. May*, for the plaintiffs, contended that the de-
fendant was liable to the action under the provisions of the
statute 1836, c. 200, § 3. The statute makes the stockholders
personally liable for all debts of the corporation contracted
prior to the transfer of the shares, without any reference to
whether the debts were contracted before or after becoming a
stockholder. Such was the decision in Massachusetts under a
similar statute. *Marcy* v. *Clark*, 17 Mass. R. 330. Nor is
the law inequitable, for the stockholder has the benefit of all
the property of the corporation purchased before he came in
as a member.

Although it was admitted to be a question of more difficulty,
still it was believed, that this right of the creditor to obtain
payment of his debt from the private property of a stockholder
was not taken away by the Revised Statutes. The provision
in the Rev. St. c. 76, § 18, it is true, makes stockholders
liable only for the debts of the corporation contracted while
they were stockholders. But here the liability of the defend-
ant was fixed before the Revised Statutes took effect as laws,
and the right of the plaintiffs was saved by the exception in the
repealing act. The right of the plaintiffs had become a vested
one, and the legislature could never have intended to take it
away, nor does a fair construction of the language used re-
quire it. *Treat* v. *Strickland*, 23 Maine R. 234; 21 Pick.
417; 3 Metc. 44. It was a vested right, and the legislature

had no power to take it away. *Ken. Purchase* v. *Laboree,* 2 Greenl. 275.

*Vose* and *Lancaster,* for the defendant, contended that by a fair construction of the statute 1836, c. 200, stockholders were liable only for the debts of a corporation contracted while they were stockholders. Partners are liable only to that extent, and it could not have been intended, that stockholders should be under greater liabilities than partners. 3 Stark. Ev. 1072, 8 Mass. R. 442.

But if the right claimed by the plaintiffs ever existed, it ceased, when the Revised Statutes went into operation. The general act defining the powers and duties of corporations, (st. 1831, c. 137, § 6) was in force when the incorporation of this company took place, and expressly provides, that the legislature shall have power to modify and repeal all such charters. The right in the legislature to destroy this liability of stockholders entirely, or to modify it to any extent, clearly existed. The statute imposing the liability of the defendant, whatever it was in this case, (st. 1836, c. 200) was repealed, when the Revised Statutes went into effect. Nor does this case come within any saving or exception in the repealing act.

The opinion of the Court was drawn up by

WHITMAN C. J. — By the statute of 1836, c. 200, § 3, it was provided, that any judgment creditor of any corporation, thereafter established, other than those of Banks, and those in regard to which it should not be otherwise provided, who should not, upon due proceedings, have been able to obtain satisfaction against the same, might have a remedy therefor, by an action of the case, against any stockholder therein, to the amount of his stock ; and, by § 4, it was provided, that forty-eight hours previous notice should be given to any stockholder, intended to be charged, to produce corporate property, prior to the commencement of any such action against him. It appears that all the preliminary steps required by the statute cited, to entitle the plaintiff to recover had been taken.

But it is contended, in the first place, that the case stated

is not within the purview of that act, because the defendant was not a stockholder in the corporation at the time the debt, for which judgment was rendered, was contracted. But it appears that he was so at the time the judgment was rendered, and so continued till due proceedings, to collect the amount for which it was rendered, had been had against the corporation, to obtain the amount due, without success; and nothing in that statute seems to confine the remedy to such as were stockholders at the time the debt was contracted. Its provisions were, in reference to stockholders, in general terms, as to judgments against corporations; and seems manifestly to have been intended to render all stockholders liable, without exception, for one year, after they should have sold out their stock, provided they were called upon within that time, and within six months after judgment rendered. *Marcy* v. *Clark*, 17 Mass. R. 330.

It is, however, further insisted, that the act "repealing all the acts, which are consolidated in the Revised Statutes," repealed the act of 1836; and the Revised Statutes, c. 76, having provided, that the right of action against stockholders should be confined to those who were such, at the time the debt was originally contracted, that the defendant is not liable; and it is agreed that he was not then a stockholder. To this it is replied, nevertheless, that the repealing act above cited, saves "to all persons, all rights of action in virtue of any act repealed;" and "all actions and causes of action, which shall have accrued in virtue of, or founded on any of said repealed acts."

We are, therefore, called upon to decide whether this was a right of action, "in virtue of any act repealed;" or an action or cause of action, which had accrued "in virtue of, or was founded on any of said repealed acts." These saving clauses must have had reference to rights and causes of action, which then, to wit, in 1841, when the repealing act was passed, had accrued. Rights and causes of action could not accrue subsequently, by virtue of, or be founded on a repealed statute. Before the repealing act took effect the plaintiffs

had cause of action against the corporation, which they prosecuted against it to final judgment. But until a failure to obtain the amount from corporate property, by due proceedings for the purpose, no cause of action arose against the individual corporators. The right against them depended upon a default on the part of the corporation ; and furthermore, upon default, after notice to the stockholder sought to be charged, forty-eight hours previously, and a failure on his part to exhibit within that space of time corporate property for the purpose of satisfying the demand. This right and cause of action did not accrue until after the statute of 1836, c. 200, had been repealed. The maintenance of the action, therefore, must depend upon the provisions to be found in the Revised Statutes, c. 76. As that gives no right of action, in such cases, except against those who were stockholders at the time the debt accrued, and the defendant not having been then a stockholder in the corporation, the plaintiffs must become nonsuit